1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AIMEE RAYBORN and MICHAEL
RAYBORN, a marital community,

                  Plaintiff

      v.

STATE FARM FIRE & CASUALTY
COMPANY, a corporation,

                 Defendants.

No.  CV-05-05479RBL

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

       This matter is before the Court on defendant State Farm Fire & Casualty Company's Motion for

Summary Judgment [Dkt. #15].  State Farm Fire & Casualty Company ("State Farm") seeks a ruling as a

matter of law that the Advanced Rehabilitation Network ("ARN") and ARN's president, Dale Gibbon

("Gibbon"), who assigned their rights under their insurance policy to plaintiffs Aimee Rayborn and

Michael Rayborn ("Rayborn"), were not insured under the policy at issue.

## BACKGROUND

       ARN is insured by a comprehensive business liability insurance policy issued by State Farm.  In

the underlying litigation, the Rayborns sued a physical therapy clinic, ARN; Gibbon; and Phyllis Gail

Ristvet ("Ristvet").  Aimee Rayborn sought treatment at ARN after an automobile accident left her

unable to work.  ARN assigned her treatment to Ristvet, who fraudulently claimed to be a doctor licensed

in psychology.  When Rayborn followed Ristvet's advice to return to work, her condition[1] deteriorated

and she suffered a setback in her treatment and additional injuries and damages.  The Rayborns filed a

complaint in Pierce County Superior Court on January 30, 2001.  On March 26, 2002, the Rayborns'

lawyer, E. Allen Walker ("Walker"), sent a letter to State Farm giving notice of the lawsuit:

> I am the attorney representing Aimee Rayborn in a lawsuit against
> Advanced Rehabilitation Network, Dale Gibbon, and Phyllis Ristvet for
> their negligence in hiring non-doctor Phyllis Ristvet and for malpractice. ...
>
> This letter is to give you notice of this lawsuit.  Mr. Gibbon had a prior
> attorney, but the attorney has withdrawn and as of this time he is
> representing himself.

State Farm maintains that it did not receive this notice.[2]  Neither ARN, Gibbon, nor any attorney

on their behalf directly contacted State Farm regarding the suit after the complaint was filed and before

judgment was rendered.

On September 27, 2002, Judge Sebring of the Pierce County Superior Court found that both

ARN and Ristvet were liable for emotional distress caused by their improper recommendations for

treatment; medical malpractice; fraudulent misrepresentation that Ristvet was a doctor; and Consumer

Protection Act (CPA) violations for improperly billing the Rayborns for treatment that did not conform

with the standard of care required of a licensed psychologist.  Judge Sebring also found ARN liable for

negligently hiring Ristvet.  Judgment was rendered against ARN and Ristvet in the amount of

$81,794.50, including exemplary damages under the CPA, costs, and attorneys' fees.

---

[1]The record does not detail the nature of Rayborn's condition.

[2]Viewed in the light most favorable to the non-moving party, the evidence establishes that this notice was sent.

On November 7, 2002, Walker sent a second letter informing State Farm of the judgment obtained against ARN, and seeking payment.  On January 16, 2003, State Farm responded in a letter stating that under the policy there is no coverage for indemnity because injuries that arise due to rendering or failure to render professional services are excluded according to the policy's professional services exclusion.

The comprehensive business liability policy covers damages because of bodily injury, property damage, personal injury or advertising injury.  However, in Section I the policy excludes certain types of injuries:

> Business Liability Exclusions
> Under Coverage L, this insurance does not apply:
> 1.      to bodily injury or property damage:
>         a.      expected or intended from the standpoint of the insured; or
>         b.      to any person or property which is the result of willful and malicious acts of the insured.
>         ...
> 10.     to bodily injury, property damage or personal injury due to rendering or failure to render any professional services or treatments.

Under Section II, the policy further specifies who is insured:

> Who Is an Insured
> ...
> 2.      Each of the following is also an insured:
>         a.      your employees...but only for acts within the scope of their employment by you.  However, no employee is an insured for:
>                 ...
>                 (2)      bodily injury or personal injury arising out of his or her providing or failing to provide professional health care services.

After Judge Sebring found ARN[3] and Ristvet liable to the Rayborns for damages caused by Ristvet, ARN and Gibbon assigned their claims against State Farm to the Rayborns and the Rayborns

---

[3]Judge Sebring did not find Gibbon personally liable because there was no evidence to support the conclusion that the corporate veil should be pierced.

brought this suit.  State Farm now seeks summary judgment, claiming it did not owe ARN or Gibbon

defense or indemnity obligations based on the facts of the underlying litigation.

## DISCUSSION

### 1.      Summary Judgment Standard

The standard against which State Farm's motion must be measured is well-settled.  Summary

judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there

is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once

the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails

to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts

showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The

mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."

*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose

resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for

summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words,

"summary judgment should be granted where the nonmoving party fails to offer evidence from which a

reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### 2.      The Rules of Interpretation and Construction of an Insurance Contract

Also well-settled in Washington State are the rules and principles governing the court's

interpretation of the subject insurance contract.  As with any contract, the court's primary goal is to

ascertain the intent of the parties.  The interpretation of an insurance policy is a question of law and the

policy is construed as a whole with the court giving force and effect to each clause in the policy.  *Queen*

*City Farms* v. *Central National Ins.  Co.*, 126 Wn.2d 50, 59-60, 882 P.2d 703 (1994); *see also American*

*Star Ins. Co. v.  Grice,* 121 Wn.2d 869, 874, 854 P.2d 622 (1993).  The language of an insurance policy

is to be interpreted in accordance with the way it would be understood by the average person, rather than in a technical sense. *Id.*

If the language in an insurance contract is clear and unambiguous, the court must enforce it as written and may not modify the contract or create ambiguity where none exists. However, if a policy provision on its face is fairly susceptible to two different but reasonable interpretations, the policy is ambiguous and the court must attempt to discern and enforce the contract as the parties intended.

The court must construe the insurance policy as a whole while giving each and every policy provision force, effect, and a fair, reasonable, and sensible construction. Overall, the policy should be given a practical and reasonable interpretation rather than a strained or forced construction that leads to an absurd conclusion, or that renders the policy nonsensical or ineffective. *Transcontinental Ins. Co. v. Washington Public Utilities Districts' Utility System,* 111 Wn.2d 452, 456-457, 760 P.2d 337 (1988) (internal citations omitted). Exclusions of coverage will not be extended beyond their "clear and unequivocal" meaning. *Lynott v. National Union Fire Ins. Co.*, 123 Wn.2d 678, 690, 871 P.2d 146 (1994).

### 3. The Meaning of the Policy Language in the Context of this Case

State Farm gives three reasons why it has no obligation to indemnify the Rayborns for injuries sustained in the underlying case. First, State Farm argues ARN's liability is excluded from coverage by the policy's professional services exclusion. Second, State Farm argues it had no duty to defend ARN in the underlying case because its insured, ARN, did not affirmatively request State Farm's assistance. Third, State Farm asserts that its actions were not so unreasonable as to support a bad faith claim.

### A. Professional Services Exclusion

Washington case law provides that if the alleged claim clearly is not covered by the policy, the insurer is relieved of its duty to defend. *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124

(1998).  Here, the parties dispute whether the professional services exclusion of the insurance policy applies.

The superior court judgment was based on Judge Sebring's conclusions regarding each of the plaintiffs' five claims: (1) emotional distress, (2) medical malpractice, (3) fraud, (4) negligent hiring, and (5) CPA violations stemming from improper billing practices.  The first four claims collectively amounted to $64,000 in damages.  It is clear from the trial court's judgment that the bulk of ARN's liability stemmed from malpractice, or  the failure to render professional services.  The failure to render professional services is unquestionably excluded under the professional services exclusion.

The Rayborns argue that negligent hiring in the underlying case is unrelated to the rendering of professional services, and that the State Farm policy covers ARN's negligent hiring of Ristvet.  However, their argument conflicts with analogous case law.  Where an exclusion precludes coverage of a claim in an underlying case, courts have held that the exclusion also precludes coverage of claims without which the plaintiff in the underlying case would not have had a cause of action.  *See McAllister v. Agora Syndicate, Inc.*, 103 Wn.App. 106, 11 P.3d 859 (2000) (*citing United States Underwriters Ins. Co. v. Val-Blue Corp.*, 85 N.Y.2d 821, 623 N.Y.S.2d 834 (1995)).  Applying that rule to this case, ARN would not have been subject to a negligent hiring claim were it not for the malpractice claim.  The Rayborns do not cite authority to contradict the rule in *McAllister*.  Thus, even viewing the facts in the light most favorable to the Rayborns, the superior court's findings of fact and conclusions of law compel this Court to conclude that these damages fit within the clear and unambiguous exclusions of the disputed insurance policy.

**B.     Willful and Malicious Acts Exclusion**

The fifth claim, that ARN violated the CPA when it improperly billed the Rayborns for fraudulent

services, added $17,794.50 in damages.[4]  Judge Sebring noted that ARN billed the Rayborns for treatment that did not conform to the standard of care required of a licensed psychologist, even after Ristvet was arrested for fraud, unlawful practice, and theft.

Damages resulting from ARN's improper billing practices are excluded under the unambiguous willful and malicious acts exclusion.  The exclusion specifies that "this insurance does not apply: to bodily injury...expected or intended from the standpoint of the insured; or to any person or property which is the result of willful and malicious acts of the insured."  Washington case law supports excluding coverage when the resulting violation was not directly intended by the insured if the results could have been expected from the acts.  *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 906, 726 P.2d 439 (1986).

ARN and Gibbon could have expected that they would be subject to liability for improper billing under the circumstances.  First, they should have investigated whether Ristvet was a licensed psychologist when they hired her.  When they failed to do so, and when they continued to bill the Rayborns for Ristvet's services even after Ristvet was arrested, their acts were not accidental occurrences.  They were willful.  Under these circumstances and considering that the State Farm policy specifically excludes willful and malicious acts, no reasonable finder of fact could find that the claims were covered.

### 4.       Duty to Defend

The claims made by the Rayborns in the underlying case were not covered by ARN's State Farm policy.  However, this does not necessarily end the inquiry as the duty to defend is broader than the duty to indemnify.  Here, the question of whether there was a duty to defend is problematic because the insured never sought a defense or indemnity from its insurer.

State Farm cites *Unigard Insurance Company v. Leven* to argue that the insurer is not obligated

---

[4]This amount includes fees and costs.

to defend against a claim unless its insured affirmatively makes such a request. *See Unigard Ins. Co. v. Leven*, 97 Wn.App. 417, 426–27, 983 P.2d 1155 (1999) (citing *Time Oil Co. v. Cigna Property & Casualty Ins.*, 743 F.Supp. 1400 (W.D.Wash.1990)). This rule is supported by the notion that the authority to trigger one's insurance company's defense should rest with the insured and his attorney, not with the opposing party's attorney.

Other courts have disagreed with the conclusion in *Unigard* to hold instead that the duty to defend is triggered when an insurer receives notice that its insured is subject to liability. *See, e.g., Cincinnati Cos. v. W. Am. Ins. Co.*, 183 Ill.2d 317, 329, 701 N.E.2d 499 (1998). The policy supporting this rule is that when the insurer has notice that its insured may be subject to liability under the policy, the insurer must take the initiative to fulfill its duty under the insurance contract for which it has received consideration. *Id*. The insured may knowingly forego the insurer's assistance by instructing the insurer not to involve itself in the litigation. *Id.* at 326.

On the record before the Court, the issue of whether State Farm had a duty to defend, even in the absence of notice from the insured, need not be resolved. Even if State Farm had conducted an investigation of the claims against ARN before trial in the underlying litigation, it would have reached the same conclusion. Malpractice claims and fraudulent billing claims are not covered under any reading of the policy at issue. They are specifically excluded.

Case law supports this outcome, which is based on the notion that when there is no coverage under the policy, there is no duty to defend. The duty to defend exists only if the complaint contains factual allegations which could render the insurer liable to the insured under the policy. *Hayden v. Mutual of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1 P.3d 1167 (2000). In this case, none of the factual allegations in the claims of the underlying case could have rendered the insurer liable to the insured under the State Farm policy.

**C.     Bad Faith**

The tort of bad faith is recognized in Washington. *Safeco Ins. Co. Of Am. v. Butler*, 118 Wn.2d 383, 393-94, 823 P.2d 499 (1992).   An insurer acts in bad faith when it breaches the insurance contract, and when the breach was unreasonable, frivolous, or unfounded. *Kirk*, 134 Wn.2d at 560.  There was no bad faith in this case because State Farm did not commit any breach, much less one that can be viewed as unreasonable, frivolous, or unfounded.

It is therefore **ORDERED** that the Defendant's Motion for Summary Judgment [Dkt. #15] is **GRANTED**.  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of January, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 9